J-S29033-21

2021 PA Super 240

KAREN TAVELLA-ZIRILLI AND DOMINIC :    IN THE SUPERIOR COURT OF
ZIRILLI, H/W                                  :           PENNSYLVANIA
                                           :
              Appellants          :
                                           :
                 v.                  :
                                           :
RATNER COMPANIES, L.C.              :
(INCORRECTLY IDENTIFIED AS RATNER : 
COMPANIES D/B/A HAIR CUTTERY),    :
CREATIVE HAIRDRESSERS, INC. D/B/A : 
HAIR CUTTERY (INCORRECTLY          :
IDENTIFIED AS HAIR CUTTERY), AND   :
STEPHANIE RICKARDS,             :
                                           :
              Appellees           :         No. 2875 EDA 2019

Appeal from the Order Dated August 8, 2019
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 180501567

BEFORE: PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:             **FILED DECEMBER 8, 2021**

       Appellants, Karen Tavella-Zirilli and Dominic Zirilli (the Zirillis), appeal

from an August 8, 2019, order, which granted in part the motion filed by

Appellees, Ratner Companies, L.C. and Creative Hairdressers, Inc. d/b/a Hair

Cuttery, to compel production of mental health records and ordered the Zirillis

to provide unredacted copies of the records for *in camera* review by a special

master for a privilege determination. For the reasons set forth below, we

reverse.

       On May 17, 2018, the Zirillis filed a negligence action against Appellees.

According to the Zirillis, Ms. Tavella-Zirilli suffered injuries after she received

---

*Former Justice specially assigned to the Superior Court.

a lengthy hair color treatment at a Hair Cuttery salon, including chemical burns to her scalp; permanent scarring from a rash that developed on her scalp and spread to her neck, face, arms, and chest; associated pain; headaches; neuropathy; a stress-induced relapse of smoking; loss of life's pleasures; mental anguish; embarrassment; and emotional distress. Amended Complaint, 7/17/2018, at 7-8. Mr. Zirilli asserted a loss of consortium claim. *Id.* at 8-9.

As part of discovery, Appellees served interrogatories and a request for production of documents. Appellees received medical records from Ms. Tavella-Zirilli's primary physician wherein the physician observed, prior to the salon hair color treatment at issue, areas of Ms. Tavella-Zirilli's skin with pockmarks and excoriations. The primary physician's records also referenced Ms. Tavella-Zirilli's treatment with a mental health provider, mental health conditions, and medications that pre-date her salon visit. Similarly, medical records from Ms. Tavella-Zirilli's dermatologist referenced observations of excoriations and scars as well as a mental health condition that affects the skin.

Further, as part of this action, Ms. Tavella-Zirilli submitted to an independent psychological examination. The examining psychologist indicated that, in addition to what was already contained in the aforementioned medical records, he believed Ms. Tavella-Zirilli may have also been diagnosed previously with other mental health conditions that affect the

skin, scalp, and hair. With respect to mental health treatment, the Zirillis answered Appellees' interrogatories without objection, and responded to the production request by stating that they had already provided all requested documents in their possession.

Subsequently, during their depositions the Zirillis provided additional information about marriage counseling they had undergone and mental health treatment Ms. Tavella-Zirilli had received at Springfield Psychological, which prompted Appellees to provide notice of their intent to serve a non-party subpoena on Springfield Psychological and one of its providers to obtain records of the Zirillis' treatment. The Zirillis objected, and Appellees filed a motion to strike. The trial court ordered Springfield Psychological to produce, to the Zirilli's counsel, all records in its possession that related to treatment provided to the Zirillis.

After the Zirilli's counsel received the records, the Zirillis filed a privilege log, which indicated that they had received two sets of mental health records from Springfield Psychological. The first set, marriage counseling records relating to the Zirillis, was produced.[1] The second set, Ms. Tavella-Zirilli's mental health records, is the subject of this appeal. The Zirillis objected to producing Ms. Tavella-Zirilli's mental health records on the basis that they

---

[1] The Zirillis redacted a part of one page of the marriage counseling records to protect the privacy of third parties. Appellees do not seek to compel production of that redacted record.

were privileged and protected from disclosure by the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7101-7503, and/or the psychiatrist/psychologist-patient privilege, codified at 42 Pa.C.S.A. § 5944 of the Judicial Code.

Appellees moved to strike the privilege objections and compel *in camera* review of the records, to which the Zirillis responded. The trial court appointed a special master to determine privilege. The special master held a conference on August 7, 2019. According to the Zirillis, the special master determined at the conference that Ms. Tavella-Zirilli had not waived her right to assert the psychiatrist/psychologist-patient privilege, but indicated he nonetheless wanted to conduct an *in camera* review of her mental health records.[2]

The Zirillis did not provide the records to the special master for *in camera* review. On August 8, 2019, the trial court granted Appellees' motion to strike, compelled production of Ms. Tavella-Zirilli's mental health records, and ordered the Zirillis to provide unredacted copies of all of the records for *in camera* review by the special master to make a privilege determination.

---

[2] There is no transcript of this conference.

This timely-filed appeal followed.[3, 4]  The court did not order the Zirillis to file a concise statement pursuant to Pa.R.A.P. 1925(b) and none was filed. The trial court complied with Pa.R.A.P. 1925(a).[5]

On appeal, the Zirillis claim that Ms. Tavella-Zirilli's mental health records from Springfield Psychological are privileged and not subject to *in camera* review.  They raise the following two issues for our review:

> 1. Whether a trial court Order compelling production of privileged mental health records for a *in camera* review constitutes a collateral order appealable as of right and reversible error, as held by the Pennsylvania Superior Court *inter alia* in **Farrell v. Regola**, 150 A.3d 87 (2016).

> 2. Whether a plaintiff does not waive the psychiatrist/psychologist-patient privilege regarding her personal mental health records merely by filing a lawsuit, where she does not allege to have suffered any mental illness nor to have incurred mental health treatment expenses as the result of the physical injury giving rise to the lawsuit, as held by the Pennsylvania Superior Court *inter alia* in **Gormley v. Edgar**, 995 A.2d 1197 (2010).

---

[3] On November 1, 2019, this Court directed the Zirillis to show cause as to why the appeal should not be quashed as an appeal from a non-final order. The Zirillis responded and on November 15, 2019, this Court discharged the order and referred the matter to this panel.  We discuss the issue of appealability *infra*.

[4] Upon notice that Appellees had initiated bankruptcy proceedings in the State of Maryland, this Court stayed the appeal on May 14, 2020, in accordance with the automatic stay provision of the U.S. Bankruptcy Code, 11 U.S. § 362. Order, 5/14/20.  The bankruptcy stay has been lifted and the matter is now ready for disposition.  Order, 3/19/21.

[5] The Honorable John M. Younge, who entered the August 8, 2019, order that is the subject of this appeal, was appointed subsequently to the U.S. District Court for the Eastern District of Pennsylvania. The Honorable Denis P. Cohen issued the Rule 1925(a) opinion.

Appellants' Brief at 9 (suggested answers omitted; citation format altered).

**Appealability**

We begin with the first issue of whether the order from which the Zirillis appeal is appealable in that appealability implicates our jurisdiction. *In the Interest of J.M.*, 219 A.3d 645, 650 (Pa. Super. 2019). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." *Id.* (citation and internal quotation marks omitted). To be appealable, the order must be: (1) a final order, Pa.R.A.P. 341-42; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S.A. § 702(a)-(b); Pa.R.A.P. 311-12; or (3) a collateral order, Pa.R.A.P. 313. Rule 313 provides as follows:

> **(a) General rule.**--An appeal may be taken as of right from a collateral order of a trial court or other government unit.
>
> **(b) Definition.**--A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

It is well settled that an order mandating disclosure of records subject to privilege, including mental health records, is appealable as a collateral order pursuant to Rule 313. *Commonwealth v. Segarra*, 228 A.3d 943, 948–49 (Pa. Super. 2020); *Pasquini v. Fairmount Behavioral Health Sys.*, 230 A.3d 1190, 1194 (Pa. Super. 2020). Thus, the order at issue here is appealable as a collateral order.

## Statutory Privilege

Having determined that this Court has jurisdiction over this appeal pursuant to the collateral order doctrine, we now proceed to examine the second issue of whether the Zirillis must produce for *in camera* review the records of Ms. Tavella-Zirilli's counseling sessions at Springfield Psychological. "In reviewing the propriety of a discovery order, we determine whether the trial court committed an abuse of discretion." *Pasquini*, 230 A.3d at 1194 (citation and quotation marks omitted). However, "the privilege asserted is codified, and thus, 'the interpretation of a statute is a question of law, resulting in a standard of review that is *de novo* and a scope of review that is plenary.'" *Segarra*, 228 A.3d at 950, *quoting Farrell*, 150 A.3d at 96.

As noted, the Zirillis contend the trial court's August 8, 2019, order impermissibly requires them to disclose privileged records for *in camera* review. Specifically, they argue that Ms. Tavella-Zirilli's mental health records are protected from disclosure under the MHPA and the psychiatrist/psychologist-patient privilege, that they have not implicitly waived privilege by initiating this negligence action or seeking damages for pain and suffering, and that there are less intrusive means available to obtain the same information. Appellants' Brief at 18-26.

## MHPA

We first examine whether Ms. Tavella-Zirilli's records are protected by the MHPA, keeping in mind that the MPHA is to be strictly construed. **Segarra**, 228 A.3d at 950 (citation omitted). "Section 7111 of the MHPA mandates that all documentation concerning persons in treatment be kept confidential, in the absence of patient consent, except in four limited circumstances." **Id.** at 951 (citation and internal quotation marks omitted); 50 P.S. § 7111(a).

However, section 7103 of the MHPA specifies that "[t]his act establishes rights and procedures for all involuntary treatment of mentally ill persons, whether inpatient or outpatient, and for all voluntary inpatient treatment of mentally ill persons." 50 P.S. § 7103. While the Zirillis reference the MHPA throughout their brief, they do not present any argument as to its applicability. **See** Appellants' Brief at 4, 14, 17-21, 23-36; **compare** Appellees' Brief at 19-20 (arguing Ms. Tavella-Zirilli's records are outside the scope of the MHPA). There is nothing in the record to indicate that Ms. Tavella-Zirilli's treatment at Springfield Psychological was anything but voluntary outpatient treatment. Accordingly, Ms. Tavella-Zirilli's mental health records are outside the scope the MHPA and not protected from disclosure under this statute.[6] **See Gormley v. Edgar**, 995 A.2d 1197, 1202 (Pa. Super. 2010) (holding

---

[6] The trial court erroneously found the MHPA applicable herein when it concluded the Zirillis waived their privilege thereunder. **See** Trial Court Opinion, 4/16/2021, at 5-9.

voluntary outpatient mental health treatment records are not encompassed within the protection of the MHPA).

## Psychiatrist/Psychologist-Patient Privilege

We next analyze the psychiatrist/psychologist-patient privilege, 42 Pa.C.S.A. § 5944. The Zirillis argue that this privilege protects Ms. Tavella-Zirilli's mental health records from disclosure of any kind, including *in camera* review. Appellants' Brief at 4, 9, 14-15, 17-18, 21, 25. The statute provides as follows:

> No psychiatrist or person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), [63 P.S. § 1201 *et seq.*,] to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S.A. § 5944 (footnote omitted).

The purpose of the psychiatrist/psychologist-patient privilege is "to aid in the effective treatment of the client by encouraging the patient to disclose information fully and freely without fear of public disclosure." **Gormley**, 995 A.2d at 1204 (citation and quotation marks omitted). "The privilege is based upon a strong public policy designed to encourage and promote effective treatment and to insulate the client's private thoughts from public disclosure." **Id.** (citation omitted). "This Court holds this privilege in the highest regard,

recognizing that such confidential statements are the key to the deepest, most intimate thoughts of an individual seeking solace and treatment. However, such confidential communications are only protected to the same extent as those between an attorney and his client." ***Id.***

The psychiatrist/psychologist-patient privilege "is designed to protect confidential communications made and information given by the client to the psychotherapist in the course of treatment, but does not protect the psychotherapist's own opinion, observations, diagnosis, or treatment alternatives." ***Segarra***, 228 A.3d at 953-54 (quoting ***Farrell***, 150 A.3d at 97-98). The psychiatrist/psychologist-patient privilege "applies not only to psychiatrists and psychologists, but to any member of a patient's treatment team." ***Segarra***, 228 A.3d at 954 (citation omitted). "Moreover, in cases where the section 5944 privilege has been found to apply, case law has precluded material from being subjected to even *in camera* review by the trial courts." ***Segarra***, 228 A.3d at 954 (citation, brackets, and quotation marks omitted); ***see also Commonwealth v. Kyle***, 533 A.2d 120, 131 (Pa. Super. 1987) ("Subjecting the confidential file to *in camera* review by the trial court (as well as the appellate courts and staff members) would jeopardize the treatment process and undermine the public interests supporting the [psychiatrist/psychologist-patient] privilege. Simply stated, an absolute privilege of this type and in these circumstances requires absolute confidentiality.").

Here, Appellees' discovery requests were general and very broad, seeking in some instances a lifetime's worth of Ms. Tavella-Zirilli's medical records, including mental health treatment.[7] In their notice of intent to serve

_____

[7] For example, in their request for production of documents, Appellees sought, *inter alia*:

¶ 15. Copies of any and all bills, reports, notes and records prepared by any physician, hospital or healthcare provider who has examined, evaluated and/or treated [Ms. Tavella-Zirilli] for injuries, diseases, deformities or impairments sustained by [Ms. Tavella-Zirilli] or suffered from by [Ms. Tavella-Zirilli] prior to and/or subsequent to the accident herein.

¶ 18. Any and all medical records in [the Zirillis]' possession regarding any treatment that [Ms. Tavella-Zirilli] has ever received for the following:

> a. Rashes;
>
> b. Allergies;
>
> c. Skin conditions;
>
> d. Alopecia;
>
> e. Skin reactions;
>
> f. Immunological conditions;
>
> g. Any nervous disorder;
>
> h. Neurodermatitis.

¶ 22. Any and all documents, records, communications, or writings identifying [Ms. Tavella-Zirilli]'s treatment by an allergy doctor, immunologist, dermatologist, plastic surgeon, psychotherapist, and/or psychiatrist from January 1, 1998 through the present.

*(Footnote Continued Next Page)*

subpoenas on Springfield Psychological and one of its providers, Appellees sought "**any and all** counseling records pertaining to Dominic Zirilli AND Karen Tavella-Zirilli." Plaintiffs' Objection to Subpoena, 6/12/19, at Exh. A (Defendants' Non-Party Subpoenas) (capitalization in original; emphasis added). The trial court's order directed the Zirillis to "provide un-redacted copies of **all** Springfield Psychological Records to Special Master Judge Manfredi for an *in camera* review to make a privilege determination." Order, 8/8/19 (emphasis added).

Records of the opinions, observations, diagnoses, or treatment alternatives of Ms. Tavella-Zirilli's treatment provider(s) at Springfield Psychological that do not report Ms. Tavella-Zirilli's communications are not protected by the psychiatrist/psychologist-patient privilege. **See Farrell**, 150 A.3d at 97-98.

The August 8, 2019, order, however, was not limited to these types of documents. Rather, it directed that all records be provided. In doing so, it effectively ordered disclosure of records containing communications made by Ms. Tavella-Zirilli in the course of her treatment at Springfield Psychological, despite such records falling squarely within the parameters of the psychiatrist/psychologist-patient privilege. Because Ms. Tavella-Zirilli communicated her private thoughts to her therapist for the purpose of

---

First Set of Requests for Production to Plaintiffs, 9/17/18 at ¶ 22; **see also id.** at ¶ 23 (requesting "Any and all documents of any nature whatsoever referred to in [the Zirillis]' Answers to Interrogatories").

treatment, section 5944 protects records reflecting her thoughts from disclosure, including *in camera* review. **Id.**

Therefore, while the trial court did not err in ordering the production of some of the documents, it abused its discretion by compelling the Zirillis to produce the records in their entirety.

**Waiver**

Having concluded that records of communications made by Ms. Tavella-Zirilli in the course of her treatment at Springfield Psychological are privileged under section 5944, we now examine whether she has waived that privilege.

"As a general matter, once it is established that records are privileged from disclosure to third parties, the burden shifts to the party seeking disclosure to establish that an exception to the privilege exists which would allow the disclosure." **Segarra**, 228 A.3d at 955, *quoting* **In re Fortieth Statewide Investigating Grand Jury**, 220 A.3d 558, 568 (Pa. 2019). Thus, the burden rests with Appellees to demonstrate that Ms. Tavella-Zirilli waived the privilege conferred by statute. **See id.**

The parties do not dispute that Ms. Tavella-Zirilli has not explicitly waived her statutory privilege under section 5944. Rather, relying on **Octave ex rel. Octave v. Walker**, 103 A.3d 1255 (Pa. 2014), Appellees argue that the Zirillis implicitly waived statutory privilege because they "put [Ms.] Tavella-Zirilli's mental and physical health at issue (as to both causation and damages) by filing a personal injury action claiming that her skin condition

- 13 -

was caused by the hair color service." Appellees' Brief at 24. Appellees maintain that evidence of Tavella-Zirilli's mental health diagnoses and related skin conditions "are directly relevant to the nature and source of the skin lesions the Zirillis attribute to [Appellees], with the potential to demonstrate definitively that the salon service on December 16, 2016, was by no means a substantial factor in causing the harm the Zirillis allege" and "is not readily or reliably available through the less intrusive means already attempted." ***Id.*** at 28.

On the other hand, the Zirillis argue that they have not implicitly waived statutory privilege by initiating this negligence action or seeking damages for pain and suffering. Appellants' Brief at 22-25. The Zirillis contend ***Octave*** is distinguishable because our Supreme Court "etche[d] out only a very narrow exception" due to its unique facts, clearly urged caution in accepting implied waiver, and recognized that confidentiality was of paramount importance. ***Id.*** at 20-21. They maintain that there are less intrusive means available to obtain the same information, *i.e.*, deposition and independent psychological examination of Ms. Tavella-Zirilli. ***Id.*** at 22.

The trial court concluded that the Zirillis implicitly waived their privilege under both the MHPA and the psychiatrist/psychologist-patient privilege. Trial Court Opinion, 4/16/21, at 5-9. The trial court explained as follows:

> [The Zirillis] should have reasonably known by filing this lawsuit alleging injuries to Ms. Tavella-Zirilli's scalp that [any condition that is affects it] would come to light. It was reasonable for [the Zirillis] to foresee that Appellees would seek all relevant mental

- 14 -

health records relating to Ms. Tavella-Zirilli's [treatment affecting her skin, scalp, or hair] to help form their defense. As such, [the Zirillis] have waived the privileges over their mental health records afforded by the MHPA and psychiatrist/psychologist-patient privilege pursuant to *Octave* and *Gormley*. [The Zirillis] will ultimately be provided the added protections of *in-camera* review before any mental health treatment records are ultimately provided to Appellees; the intrusion on [the Zirillis]' privacy here will thus be minimal. Accordingly, Judge Younge's August 8, 2019, Order properly ordered *in-camera* review of [Appellants]' mental health records related to Ms. Tavella-Zirilli's treatment [affecting the skin].

Trial Court Opinion, 4/16/21, at 9 (citations omitted).

Our Supreme Court's decision in *Octave* did not address the psychiatrist/psychologist-patient privilege, but rather the statutory privilege set forth in the MHPA. The *Octave* Court "recognized a limited exception for finding implicit waiver under circumstances where the defendant was seeking mental health information about a deceased plaintiff that was unavailable through other means." *C.L. v. M.P.*, 255 A.3d 514, 523 (Pa. Super. 2021). As this Court recently explained:

> In *Octave*, our Supreme Court addressed the disclosure of confidential mental health records in the context of a personal injury matter. *Octave*, 103 A.3d at 1256-57. In that case, the husband sustained injuries after he was struck by a tractor-trailer. After the incident, the state police issued a report concluding that the husband had attempted to commit suicide. Thereafter, the wife filed a personal injury lawsuit seeking money damages on behalf of herself and her incapacitated husband. The defendants argued that the husband intentionally caused his own injuries by attempting suicide. To defend the case against them, the defendants requested access to the husband's mental health records. The plaintiffs asserted the husband's privilege under the MHPA.

- 15 -

In addressing plaintiffs' claim of privilege, our Supreme Court cited with approval the following statement made by this Court in **Kraus v. Taylor**, 710 A.2d 1142 (Pa. Super. 1998):

> We cannot believe that the Pennsylvania General Assembly intended to allow a plaintiff to file a lawsuit and then deny a defendant relevant evidence, at plaintiff's ready disposal, which mitigates defendant's liability. Rather[,] the General Assembly must have intended the privileges to yield before the state's compelling interest in seeing that truth is ascertained in legal proceedings and fairness in the adversary process.

**Octave**, 103 A.3d at 1260 (citations omitted). After discussing similar decisions in other jurisdictions, the High Court held that "a patient waives his confidentiality protections under the MHPA where, judged by an objective standard, he knew or should have known his mental health would be placed directly at issue by filing the lawsuit.["] **Id.** at 1262 (footnote omitted).

The **Octave** Court further concluded that there existed no "less intrusive means" to obtain the same type of information as contained in the husband's mental health records. The Court explained that because the husband ultimately died from his injuries, it was not possible to obtain information about his mental health through less intrusive alternatives, such as interrogatories and independent psychological evaluations. **Octave**, 103 A.3d at 1263 n.10.

**C.L.**, 255 A.3d at 521 (footnote omitted).

In **Gormley**, this Court analyzed waiver of the psychiatrist/psychologist-patient privilege in section 5944, holding that the plaintiff waived that privilege in a personal injury action where she "directly placed her mental condition at issue when she alleged that she suffered from anxiety as a result of [a motor vehicle] accident." 995 A.2d at 1206. Stating the psychiatrist/psychologist-privilege "may be waived in civil actions where

the client places the confidential information at issue in the case," this Court explained that "[i]t would clearly be unfair for a party to seek recovery for anxiety if that mental health issue predated the accident. Moreover, where a party seeks recovery for aggravation of a pre-existing mental health condition, records of prior treatment for that condition are discoverable." ***Gormley***, 995 A.2d at 1204, 1206 (citation, quotation marks, and footnote omitted).

Here, as analyzed *supra*, the trial court erred in concluding the MHPA was applicable and that the Zirillis implicitly waived privilege under that statute. Accordingly, we find the parties' and trial court's reliance on ***Octave*** inapposite because it turned on section 7111 of the MHPA, which is inapplicable herein. ***Accord Gormley***, 995 A.2d 1197 (rejecting plaintiff's privacy argument rooted in the MHPA where the confidentiality provision in section 7111 of the MHPA was inapplicable to plaintiff).

With respect to the psychiatrist/psychologist-patient privilege, we first point out, and as the trial court correctly noted, general averments of shock, mental anguish, and humiliation do not place a party's mental condition at issue or result in a waiver of the psychiatrist/psychologist-patient privilege. ***Gormley***, 995 A.2d at 1205; Trial Court Opinion, 4/16/21, at 6. Therefore, Ms. Tavella-Zirilli's general averments in the amended complaint of "loss of life's pleasures; mental anguish; embarrassment and emotional distress" do not result in a waiver of the privilege. Amended Complaint at ¶ 22.

- 17 -

We next examine whether the Zirillis directly placed Ms. Tavella-Zirilli's mental condition at issue in this case. The amended complaint does not raise allegations of mental injuries as a result of Ms. Tavella-Zirilli's salon hair color treatment. Rather, Appellees' defense to liability is that Ms. Tavella-Zirilli's injuries pre-date her receipt of the salon hair color treatment and were caused in whole or in part by a mental health condition affecting her skin, scalp, or hair.

Thus, the Zirillis knew or should have known that by commencing suit and alleging Ms. Tavella-Zirilli's injuries were caused by Appellees' negligence in coloring and treating her hair, they were placing any condition that affects the skin, scalp, or hair at issue as to causation.

Nonetheless, although evidence of a condition affecting the skin, scalp, or hair is relevant to liability, it does not vitiate Ms. Tavella-Zirilli's expectation of confidentiality in her mental health records. ***See C.L.***, 255 A.3d 514, 523 (citing ***M.M. v. L.M.***, 55 A.3d 1167, 1174 (Pa. Super. 2012)). It is not Ms. Tavella-Zirilli's mental health that is at issue; rather, it is any condition, physical or mental, that could have caused or affected injuries to Ms. Tavella-Zirilli's skin, scalp, or hair.

The Zirillis did not consent to disclosure of Ms. Tavella-Zirilli's mental health records, and they consistently objected to both disclosure and the subpoena. Appellees have shown a need for records of diagnoses, treatment, and observations involving an interplay between Ms. Tavella-Zirilli's skin,

scalp, and hair and her mental health, but they have not shown a need for records of Ms. Tavella-Zirilli's privileged communications about that interplay and Ms. Tavella-Zirilli has not put those communications at issue by bringing this action.

In other words, what is relevant are records showing a treatment provider believes Ms. Tavella-Zirilli has skin, scalp, or hair injuries caused by her mental health and when those injuries occurred, not Ms. Tavella-Zirilli's innermost thoughts about her mental health, regardless of whether those communications are about her skin, scalp, or hair. Thus, Ms. Tavella-Zirilli has not waived the psychiatrist/psychologist-patient privilege by commencing this suit.

Based on the foregoing, we conclude that because the breadth of the August 8, 2019, order requires production of some records that are protected by the psychiatrist/psychologist-patient privilege and there was no consent to release of the records or waiver of the privilege, the trial court erred in compelling production of unredacted copies of all Springfield Psychological records for *in camera* review, and in failing to limit the scope of the order. ***M.M.***, 55 A.3d at 1174 (reversing trial court order for production of records because production was not limited to opinions, observations, and diagnoses); ***Commonwealth v. Simmons***, 719 A.2d 336, 343-44 (Pa. Super. 1998) (holding trial court erred in requiring mental health provider to turn over its complete patient file to trial court for *in camera* privilege determination, and

vacating trial court order for production of complete file because some documents in file were subject to psychiatrist/psychologist-patient privilege).

Moreover, we also note that while the trial court's order attempted to provide some protection with *in camera* review, it failed to impose adequate safeguards to prevent disclosure outside of litigation, such as a protective order or confidentiality agreement restricting Appellees, their attorneys, and any other person receiving the records or information from the records, from disclosing the records or information outside this litigation. Without such a restriction on the use of the mental health records and information obtained by the order, protection of the Zirillis' expectation of confidentiality is inadequate.

In sum, because the order included records protected by the psychiatrist/psychologist-patient privilege and no protective order limiting the use of the records was entered, we reverse the trial court's August 8, 2019, order granting Appellees' motion to strike the Zirillis' privilege objections and compelling the Zirillis to provide unredacted copies of all Springfield Psychological records for *in camera* review.

We remand this case with instructions that the trial court grant a protective order for the Zirillis to provide only the records of Ms. Tavella-Zirilli's mental health treatment at Springfield Psychological which concern diagnosis, treatment, or observation of a mental health condition affecting the skin, scalp, or hair, with any communications by Ms. Tavella-Zirilli redacted

and that restricts the disclosure of such records and any information obtained from them outside this personal injury action.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/08/2021