2023 PA Super 141

| | | |
|---|---|---|
| CARLINO EAST BRANDYWINE, L.P. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDYWINE VILLAGE ASSOCIATES, JOHN R. CROPPER, INDIVIDUALLY AND AS GENERAL PARTNER OF BRANDYWINE VILLAGE ASSOCIATION, L & R PARTNERSHIP, RICHARD J. BLAIR, INDVIDUALLY AND AS GENERAL PARTNER OF L & R PARTNERSHIP, LEONARD G. BLAIR, INDVIDUALLY AND AS GENERAL PARTNER OF L & R PARTNERSHIP, PAUL PRINCE, ESQ., PRINCE AND KURTAS, EUGENE ORLANDO, ESQ., ORLANDO LAW OFFICES, P.C. | : | No. 2030 EDA 2022 |
| | : | |
| | : | |
| THE GIANT COMPANY LLC | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDYWINE VILLAGE ASSOCIATES, LLP, JOHN R. CROPPER, INDIVIDUALLY AND AS GENERAL PARTNER OF BRANDYWINE VILLAGE ASSOCIATION, L & R PARTNERSHIP, LLC | : | |
| | : | |
| APPEAL OF: BRANDYWINE VILLAGE ASSOCIATES, JOHN R. CROPPER, INDIVIDUALLY AND AS GENERAL PARTNER OF BRANDYWINE VILLAGE ASSOCIATION, L & R PARTNERSHIP, RICHARD J. BLAIR, INDVIDUALLY AND AS GENERAL PARTNER OF L & R PARTNERSHIP, LEONARD G. BLAIR, INDVIDUALLY AND AS GENERAL PARTNER OF L & R PARTNERSHIP, | : | |

PAUL PRINCE, ESQ., PRINCE AND          :
KURTAS

Appeal from the Order Entered July 25, 2022
In the Court of Common Pleas of Chester County Civil Division at No(s):
2015-02938-TT,
2020-07118-TT

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED JULY 28, 2023**

Brandywine Village Associates, LLP (BVA), John R. Cropper ("Cropper"), L&R Partnership ("L&R"), Richard J. Blair ("R. Blair"), Leonard G. Blair ("L. Blair") (collectively "the BVA Defendants"),[1] Paul Prince, Esq. ("Attorney Prince"), and the law firm of Prince and Kurtas (all collectively "Appellants") appeal from the discovery order of the Court of Common Pleas of Chester County requiring the production of attorney-client communications and attorney work product documents in an action brought by Carlino East Brandywine, L.P. ("Carlino") against Appellants.[2]

The order at issue in this appeal was entered following this Court's ruling in *Carlino East Brandywine, L.P. v. Brandywine Village Associates*, 260 A.3d 179 (Pa.Super. 2021), which vacated the trial court's prior order

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As set forth in the caption, Carlino sued Cropper individually and in his capacity as general partner of BVA. Similarly, Carlino sued R. Blair and L. Blair, individually and as general partners of L&R, which is a Pennsylvania general partnership and general partner of BVA.

[2] There are two cases in the caption in this appeal because on May 16, 2022, the trial court consolidated Carlino's action with an action that The Giant Company LLC filed in 2020 against BVA and its partners. The instant appeal, however, was filed only in Carlino's action, as the July 25, 2022 order at issue was entered in Carlino's action only and not in the consolidated case.

requiring the BVA Defendants and Attorney Prince to produce attorney-client communications and attorney work product documents.

This action arises out of the BVA Defendants' opposition to Carlino's attempts to develop a shopping center. BVA is the owner of an existing shopping center that contains multiple businesses including a grocery store. BVA's shopping center is located on Route 322 in East Brandywine Township, Chester County. *Id*. at 185-86. BVA acquired the land on which it constructed the shopping center in 1994 from parties who also owned an adjoining parcel; BVA entered into an agreement with those parties to grant and convey cross-easements to facilitate the development of both the land that BVA acquired and the adjoining parcel (the easement agreement). *Id*.

Carlino subsequently entered a contract to purchase the adjoining parcel pending certain governmental approvals of its development plans and became the equitable owner of the adjoining parcel.[3] *Id*. Since 2010, Carlino has attempted to develop that parcel as a shopping center with a Giant grocery store and the BVA Defendants have actively opposed Carlino's efforts to obtain the necessary government approvals for its shopping center. *Id*.

On April 6, 2015, Carlino filed a complaint against the BVA Defendants and Attorney Prince, who had represented BVA in its actions opposing Carlino's development. In this complaint, Carlino asserted claims against the BVA

---

[3] Carlino alleges that it completed the purchase in February 2021 and is now the legal owner of the adjoining parcel. While the certified record does not contain any documentation supporting this claim, this factual distinction does not have any effect on our ruling in this decision.

Defendants for breach of contract (for an alleged breach of the easement agreement) as well as tortious interference with contract and prospective business relations. Carlino also raised a claim of abuse of process against the BVA Defendants and Attorney Prince.

Following a court order sustaining preliminary objections to the complaint in part, Carlino filed an amended complaint on January 22, 2016. The BVA Defendants and Attorney Prince filed a joint answer and new matter, in which the BVA Defendants asserted that they acted in good faith reliance on the advice of counsel or in good faith after consulting counsel based on the advice of counsel. Amended Answer and New Matter, 3/21/16, at ¶¶ 47, 49-52, 54, 219. Attorney Prince asserted that his actions were good faith advocacy based on his understanding of the law and application of the law to the facts. *Id*. at ¶¶ 47, 49-52, 57, 125, 127, 205, 217, 238.

On December 14, 2016, Carlino served a set of 48 requests for production of documents that specifically requested that the BVA Defendants and Attorney Prince produce all documents "constituting, referring or relating to all communications and documents exchanged between you [defined as any of the defendants] and/or Attorney Prince" concerning various subjects. In addition, Carlino requested documents concerning Attorney Prince's investigation and analysis of certain issues. Carlino's Document Requests, No. 1, 10, 11, 13, 15-17, 20-24, 26-28, 31, 36, 38. The BVA Defendants and Attorney Prince objected to producing these documents based on grounds of attorney-client privilege and attorney work product protection.

After Carlino moved to compel the BVA Defendants and Attorney Prince to produce the documents, on April 11, 2019, the trial court ordered production of all attorney-client privileged and attorney work product documents "regarding Defendants' efforts to prevent and delay the development of [Carlino's] property." Trial Court Order, 4/11/19.

The trial court reasoned that the BVA Defendants and Attorney Prince waived attorney-client privilege and attorney work product protection by failing to produce a privilege log. In addition, the trial court found the BVA Defendants had waived both the attorney-client privilege and attorney work product protection when they asserted reliance on advice of counsel as a defense. *Id*. at 1; Trial Court Opinion (T.C.O.), 7/15/19, at 12-17.

The BVA Defendants and Attorney Prince appealed and on July 23, 2021, this Court vacated the trial court's April 11, 2019 order. *Carlino East Brandywine, L.P.*, 260 A.3d at 198-202. As an initial matter, this Court held that the trial court erred in holding that the failure to produce a privilege log waived the BVA Defendants' and Attorney Prince's right to assert attorney-client privilege and attorney work product protection. *Id*. at 198-99.

This Court affirmed the trial court's ruling that the BVA Defendants had waived attorney-client privilege with respect to all communications relevant to their defense based on their reliance on the advice of counsel. *Id*. at 203-205. Nevertheless, this Court concluded that the trial court erred in ordering blanket production of privileged documents without examining the documents

- 5 -

to determine whether they were placed in issue by the advice of counsel defense. *Id*. at 203-205.

In contrast, this Court held that BVA's advice of counsel defense did not constitute a waiver of attorney work product. While this Court held that the trial court erred in ordering production of attorney work product on that basis, this Court did not specifically decide whether Attorney Prince had waived work product protection by asserting that his actions were good faith advocacy, as this issue was not before the Court. *Id*. at 196, 207, and n. 18.

As such, this Court remanded the case, directing the trial court to order production of a privilege log and to determine which privileged documents were within the scope of the attorney-client privilege waiver, including conducting *in camera* review of the documents, if necessary. *Id*. at 207-208.

While the appeal from the trial court's April 11, 2019 order was pending, the trial court permitted Carlino to file a second amended complaint, in which Carlino made additional allegations involving events subsequent to its first amended complaint. The second amended complaint also added three new defendants including Attorney Prince's law firm, Prince and Kurtas (together with Attorney Prince, the "Prince Defendants") as well as Attorney Eugene Orlando and his law firm (the "Orlando defendants"), who had previously represented the BVA Defendants and Attorney Prince in this case, but had withdrawn as counsel prior to the April 2019 order and appeal.

In the second amended complaint, Carlino asserted the same breach of contract claim against the BVA Defendants and asserted claims for tortious

interference with contract and prospective business relations as well as abuse of process against the BVA Defendants, the Prince Defendants, and the Orlando Defendants. Carlino also added a claim for wrongful use of civil proceedings against the BVA Defendants and the Prince Defendants.

Appellants (the BVA Defendants and Prince Defendants) filed a joint answer and new matter to Carlino's second amended complaint, in which the BVA Defendants did not specifically allege reliance on advice of counsel, but continued to plead as a defense that their actions were in good faith. Appellants' Answer and New Matter to Second Amended Complaint, ¶ 56-57, 59, 61-63, 69, 71, 189, 279, 287, 303-304, 308, 315, 321. In this answer and new matter, the Prince Defendants pled that their actions were good faith advocacy. *Id.* at ¶¶ 57-59, 61-63, 122, 69, 131, 133, 138, 180, 189, 191, 203-09, 303, 308, 315, 321, 348. The Orlando Defendants, represented by separate counsel, filed a separate answer and new matter.

On August 3, 2021, the trial court, in accordance with this Court's decision vacating the April 11, 2019 order, ordered Appellants to prepare a privilege log of all of the documents as to which they claimed attorney-client privilege or attorney-work product protection. Trial Court Order, 8/3/21.

On August 16, 2021, Appellants filed a motion with the trial court seeking reconsideration of that order on the ground that their answer and new matter to the second amended complaint did not plead reliance on advice of counsel. The trial court denied that motion on September 21, 2021, and Appellants produced a 96-page privilege log.

Following Carlino's review of the privilege log and further production by Appellants, the parties narrowed their dispute to 95 documents. On April 29, 2022, Carlino moved for *in camera* inspection of these documents. On May 26, 2022, the trial court directed Appellants to submit the 95 documents in dispute, numbered 1-95 for *in camera* inspection.

With respect to the submitted documents, Appellants claimed attorney-client privilege with respect to all of the documents in dispute and claimed that 53 of those documents were also protected attorney work product. Letter to Court & attached updated privilege log (the Privilege Log), 6/14/22.

We note that most of these documents are dated or were clearly created subsequent to the commencement of this action and the filing of Carlino's first amended complaint. Many of these documents are attorney drafts of documents filed by the BVA Defendants and Attorney Prince in this action. **See** Privilege Log Entries for Privilege Log Documents 13, 18, 20, 23, 24, 39-54, 58, 71-85, 87-90, 94. In addition, a number of the documents as to which Appellants asserted attorney work product protection were authored by attorneys other than the Prince Defendants. **See** Privilege Log Entries for Privilege Log Documents 54, 57, 63-66, 70, 74, 79-80.

On July 25, 2022, following *in camera* inspection of the documents, the trial court entered an order requiring Appellants to produce 65 documents

(Privilege Log Documents 13-15, 18-20, 23-24, 27-29, 37-85, 87-90, and 94). Trial Court Opinion and Order, 7/25/22, at 2-3, 5-6.[4]

The trial court did not specifically discuss whether any of the documents were protected by the attorney-client privilege or the work product doctrine. Rather, the trial court held that attorney-client privilege was waived by the BVA Defendants' advice of counsel defense as to all documents that were relevant to this action, without considering the date of the documents or their relationship to decisions and actions of the BVA Defendants in the proceedings on which Carlino's claims in this action are based. *Id*. at 2-3 & n.2, 6 n.4.

With respect to those documents as to which attorney work product protection was claimed, the trial court held that Attorney Prince's assertions in his answer to the second amended complaint that his actions were good faith advocacy waived the attorney work product protection without considering whether the documents were authored by the Prince Defendants. *Id*. at 3-6 & n.4. This timely appeal followed.[5]

Appellants raise the following issues for our review on appeal:

1. Did BVA and Paul Prince, Esquire waive the attorney-client privilege or attorney work product privilege even though they did not assert reliance on counsel in their Answer to Carlino's Second Amended Complaint?

---

[4] The trial court noted that Appellants had voluntarily produced several documents.

[5] Subsequent to the appeal, the trial judge, the Honorable Edward Griffith, passed away in January 2023.

2. Did the Trial Court err by ordering the disclosure of privileged communications and privileged materials prepared by, or exchanged with, attorneys other than Paul Prince, Esquire?

3. Did the Trial Court err by ordering that Paul Prince, Esquire disclose attorney work product?

4. Did the Trial Court err by ordering disclosure of privileged communications and documents that are unrelated to the substantive facts in the underlying litigation, pertain to active litigation, and were not relied upon by BVA?

Appellants' Brief, at 4.

As an initial matter, we note that jurisdiction is proper before this Court. Although there is no final order here, this Court has appellate jurisdiction because an order requiring disclosure of attorney-client privileged material and attorney work product is an appealable collateral order under Pa.R.A.P. 313. *Commonwealth v. Flor*, 136 A.3d 150, 154-55 (Pa. 2016); *Commonwealth v. Harris*, 32 A.3d 243, 248-51 (Pa. 2011); *Carlino East Brandywine, L.P.*, 260 A.3d at 194. Thus, we may proceed to review the merits of Appellants' claims.

Appellants challenge the trial court's decision to compel them to produce documents for which the trial court ruled that Appellants had waived attorney-client privilege and work product protection. "In reviewing the propriety of a discovery order, we determine whether the trial court committed an abuse of discretion." *Tavella-Zirilli v. Ratner Companies, L.C.*, 266 A.3d 696, 700 (Pa.Super. 2021) (quoting *Pasquini v. Fairmount Behavioral Health System*, 230 A.3d 1190, 1194 (Pa.Super. 2020)). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is

overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record, discretion is abused." ***Commonwealth v. Crispell***, 193 A.3d 919, 939 (Pa. 2018).

First, Appellants argue that the trial court erred in finding that the attorney-client privilege had been waived because the BVA Defendants did not plead reliance on advice of counsel in their answer and new matter to the second amended complaint. Appellants also argue in the alternative that, even if the attorney-client privilege was waived, the trial court's order requires them to produce documents outside the scope of the waiver.

The attorney-client privilege protects from disclosure confidential communications between a client and an attorney made for the purpose of obtaining or providing professional legal advice and applies to both communications from the client to the attorney and communications from the attorney to the client. ***Gillard v. AIG Insurance Co.***, 15 A.3d 44, 59 (Pa. 2011); ***Newsuan v. Republic Services Inc.***, 213 A.3d 279, 284 (Pa.Super. 2019); ***Knopick v. Boyle***, 189 A.3d 432, 440 (Pa.Super. 2018); ***Custom Designs & Manufacturing Co. v. Sherwin-Williams Co.***, 39 A.3d 372, 376 (Pa.Super. 2012).

A party waives the attorney-client privilege by asserting a claim, defense or argument that places the attorney's communications or actions in issue or attempts to prove a claim or defense by reference to privileged material. ***Commonwealth v. Flor***, 136 A.3d 150, 159-60 (Pa. 2016); ***Commonwealth***

*v. Harris*, 32 A.3d 243, 253 (Pa. 2011); *Saint Luke's Hospital of Bethlehem v. Vivian*, 99 A.3d 534, 549-52 (Pa.Super. 2014). Asserting reliance on the advice of counsel as a defense waives the attorney-client privilege with respect to communications with counsel that are placed in issue by that defense. *Carlino East Brandywine, L.P.*, 260 A.3d at 200-204.

Waiver based on placing attorney-client communications in issue is not limited to situations where the party specifically pleads reliance on advice of counsel or actually relies on privileged or protected documents and can also be found based on a party's affirmative assertion of its state of mind as a defense or issue in the case where that state of mind could be based on attorney advice or communications. *See Birth Center v. St. Paul Companies, Inc*., 727 A.2d 1144, 1166 (Pa.Super. 1999), *aff'd*, 787 A.2d 376 (Pa. 2001), *disapproved of on other issue by Mishoe v. Erie Insurance Co.*, 824 A.2d 1153 (Pa. 2003) (attorney work product doctrine waived as to documents concerning reasons for party's act where party placed its state of mind and reasons for that act in issue in its arguments at trial); *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 537 (3rd Cir. 1996) (claim by party represented by counsel in negotiation of agreement that she did not understand agreement's legal implications waived attorney-client privilege as to communications concerning agreement); *Doe v. Schuylkill County Courthouse*, 2023 U.S. Dist. LEXIS 13889 (M.D.Pa. Magistrate Judge January 17, 2023) (where good faith defense is asserted that could be based on advice of counsel, attorney-client privilege is waived absent an affirmative

- 12 -

commitment by the defendants that their good faith defense will not be based on any reliance on counsel).

While Appellants argue that there is no waiver of the attorney-client privilege because the BVA Defendants did not plead reliance on advice of counsel in their answer and new matter to the second amended complaint, the BVA Defendants still plead the same good faith defense that they previously alleged was based on the advice of counsel. Those averments of good faith are asserted in tandem with averments that their counsel's actions on same matters were good faith advocacy. BVA Defendants' and Prince Defendants' Answer and New Matter to Second Amended Complaint, ¶¶ 56, 57, 59, 61-63, 69, 71, 189, 279, 287, 303-304, 308, 315, 321.

The BVA Defendants have still placed counsel's advice at issue despite the fact that they omitted the phrase "reliance on the advice of counsel" from their answer and new matter to the second complaint. In their "new" answer, the BVA Defendants claim that "all actions and proceedings filed, all documents issued, and all steps taken by the Defendants at all times material hereto, were based on proper and good faith facts, application of law to fact and pursued for proper and lawful purposes." Appellants' Answer and New Matter to Second Amended Complaint, Answer to [Carlino's] Second Amended Complaint with New Matter, ¶ 308. The BVA Defendants cannot circumvent waiver by merely rewording their defense of good faith reliance on the advice of counsel.

In addition, the BVA Defendants have not filed anything indicating that they will refrain from arguing or presenting evidence that their good faith was based on advice of counsel. Appellant have failed to make an affirmative commitment that they have not and will not assert claims that they acted based on advice of counsel or that their actions were in good faith because they were based on advice of or information received from counsel. **See** Motion for Reconsideration ¶¶13-14; Appellants' Brief at 19, 25, 35-37; Appellants' Reply Brief at 2-4. [6]

Appellants also argue in the alternative that, even if the attorney-client privilege was waived, the trial court's order requires them to produce documents outside the scope of the waiver. Where attorney-client privilege is found waived, the order requiring disclosure must be limited to material as to which the privilege has been waived and must not provide for production of privileged material as to which there has been no waiver. **Flor**, 136 A.3d at 160-61; **Harris**, 32 A.3d at 253; **Carlino East Brandywine, L.P.**, 260 A.3d

_____

[6] Carlino argues that the BVA Defendants are barred from withdrawing their privilege waiver by law of the case and judicial estoppel. In light of the fact that the BVA Defendants have waived the privilege by continuing to assert a good faith defense without any affirmative representation that they will not contend in any way that this good faith was based on any communications from or advice of counsel, it is not necessary to review those arguments.

Moreover, ruling that the BVA Defendants are barred from withdrawing their waiver would not eliminate the need to determine whether their current answer waives the attorney-client privilege, as the scope of the waiver is affected by whether there is a waiver of attorney-client privilege as to the new claims in the second amended complaint. BVA Defendants' assertions of advice of counsel in the answer and new matter to the first amended complaint do not plead anything with respect to those new claims.

- 14 -

at 202-04. The assertion of a defense waives the attorney-client privilege only as to privileged material that is placed in issue by the defense and the privileged documents must be examined to determine whether they are within the scope of the waiver. *Carlino East Brandywine, L.P.*, 260 A.3d at 204-205. This Court specifically held that:

> The scope of waiver of privileged material must be determined by the extent to which the privileged material has been placed in issue. Because privilege waivers do not waive the attorney-client privilege or work product doctrine as to all material counsel may possess, our precedent requires an issue-specific analysis of waiver.

*Id.* at 204.

In this case, the BVA Defendants' good faith defenses placed in issue only communications with counsel that could have affected their knowledge and intent in taking the actions that they claim were in good faith. Communications *after* the BVA Defendants' actions on which Carlino's claims are based cannot have affected their knowledge or intent when they took those actions and are therefore outside the scope of their waiver of attorney-client privilege.

The trial court's order here required production of communications with counsel regardless of whether they were in existence at the time of the BVA Defendants' actions and regardless of whether they were communications concerning only this litigation and not advice or communications concerning future actions in the proceedings on which Carlino's claims are based. As Privilege Log Documents 47-48, 54, 65, 71-85, 87-90, and 94 are all

documents created after Carlino's second amended complaint was filed, they were not in existence at the time that Appellants took any of actions on which Carlino's claims are based.[7]

In addition, communications that only relate to pleadings or strategy in this action are not advice or communications with respect to Appellants' decisions and actions in the other proceedings on which Carlino's claims in this action are based and are likewise outside the scope of the waiver of attorney-client privilege. Privilege Log Documents 39-53 are all drafts of pleadings in this action or communications concerning the defense of this action. All of these documents are therefore outside the scope of the BVA Defendants' waiver of attorney-client privilege and the trial court erred in ordering their production.

The only other documents that Appellants assert are outside the scope of the attorney-client privilege waiver are Privilege Log Documents 13, 18, 20, 59, and 60. The sole argument that Appellants make concerning these documents is that their waiver of attorney-client privilege is allegedly limited to communications with Attorney Prince and his firm and these documents are outside that waiver because they are communications with other attorneys.

---

[7] It is unclear whether undated Privilege Log Document 62 was in existence at the time that the BVA Defendants took any of actions on which Carlino's claims are based. Appellants, however, do not discuss this document in their brief and have not supplied any information concerning its date or claimed that it is outside the scope of the waiver of attorney-client privilege.

That argument is without merit because the assertion of a defense related to attorney advice or communications waives attorney-client privilege as to communications that are placed in issue by the defense, not communications with a particular lawyer or lawyers. Communications with any lawyer prior to and concerning the BVA Defendants' future decisions and actions in the other proceedings on which Carlino's claims in this action are based are placed in issue by their good faith defense. The five documents in question in fact relate to the other proceedings on which Carlino's claims in this action are based and appear to pre-date some of the actions for which the BVA Defendants have been sued.

Carlino argues as an alternative ground for affirmance that privilege claims were waived as to Privilege Log Documents 15, 80-81, 85, 87-92, and 94 by alleged disclosure of those documents to a third party. The trial court made no determination that these or any of the other documents were disclosed to a third party and the only support that Carlino cites for this contention does not show that any of these documents were disclosed to a third party. Thus, we cannot affirm the trial court's ruling on this basis.

As a result, we reverse the trial court's decision to order production of Privilege Log Documents 39-54, 65, 71-85, 87-90, and 94, as such documents outside the scope of Appellants' waiver of attorney-client privilege.

Second, Appellants argue that the trial court erred in holding the Prince Defendants' defenses waived the work product protection of documents authored by other attorneys. Appellants also claim the defense of good faith

advocacy asserted by the Prince Defendants does not constitute a waiver of work product protection even with respect to documents authored by them.[8]

The attorney work product doctrine protects from discovery "the mental impressions of a party's attorney" and the attorney's "conclusions, opinions, memoranda, notes or summaries, legal research or legal theories." Pa.R.C.P. No. 4003.3; *BouSamra v. Excela Health*, 210 A.3d 967, 976 (Pa. 2019); *Carlino East Brandywine, L.P.*, 260 A.3d at 205-206; *Brown v. Greyhound Lines, Inc.*, 142 A.3d 1, 9-10 (Pa.Super. 2016); *Saint Luke's Hospital of Bethlehem v. Vivian*, 99 A.3d 534, 550-51 (Pa.Super. 2014). This protection is not limited to materials prepared for or in anticipation of litigation. *BouSamra*, 210 A.3d at 976 & n.6; *Carlino East Brandywine, L.P.*, 260 A.3d at 205; *Estate of Paterno v. National Collegiate Athletic Association (NCAA)*, 168 A.3d 187, 201 (Pa.Super. 2017).

"Work product protection 'provid[es] a privileged area within which [an attorney] can analyze and prepare [a] client's case ... by enabling attorneys to prepare cases without fear that their work product will be used against their clients.'" *BouSamra*, 210 A.3d at 976-77 (brackets and ellipsis in original) (quoting *Barrick v. Holy Spirit Hospital of the Sisters of Christian Charity*, 32 A.3d 800, 812 (Pa.Super. 2011) (*en banc*), *aff'd by an equally divided court*, 91 A.3d 680 (Pa. 2014)).

---

[8] The Orlando Defendants filed a brief in support of Appellants and the Court denied Carlino's motion to strike that brief.

Under Pa.R.C.P. 4003.3, attorney work product is discoverable only where the attorney's mental impressions, opinions, or legal research or theories are relevant to the action, and is not discoverable merely because the subject matter of the documents is relevant. **Carlino East Brandywine, L.P.**, 260 A.3d at 206-07; **Barrick**, 32 A.3d at 812. Attorney work product protection is waived by assertion of a claim or defense that places the attorney's state of mind in issue. **Saint Luke's Hospital of Bethlehem**, 99 A.3d at 551-52; **Birth Center**, 727 A.2d at 1166.

Our review of the records leads us to find that Attorney Prince placed his state of mind in issue. In his answer and new matter to Carlino's second amended complaint, Attorney Prince pled that his actions were good faith advocacy and were based on application of his legal judgment to the facts. BVA Defendants' and Prince Defendants' Answer and New Matter to Second Amended Complaint ¶¶ 57-59, 61-63, 122, 69, 131, 133, 138, 180, 189, 191, 203-09, 303, 308, 315, 321, 348.[9] Thus, we find that the trial court did not err in finding that Attorney Prince waived attorney work product protection.

However, we agree with Appellants that Attorney Prince did not waive attorney work product protection for other attorneys involved in this litigation. Unlike the attorney-client privilege, the right to assert attorney work product

---

[9] While the issue of whether Attorney Prince had waived work product protection was not before this Court in the parties' previous appeal, this Court stated that "[i]t may well be that Attorney Prince has waived work product protection by the defenses asserted in Appellants' jointly produced answer and new matter." **Carlino East Brandywine, L.P.**, 260 A.3d at 207 & n.18.

protection belongs to the attorney, not the client. **BouSamra**, 210 A.3d at 975; **Carlino East Brandywine, L.P.**, 260 A.3d at 205, 207.

In its prior opinion in this case, this Court held that because the work product protection belongs to the attorney whose conclusions, opinions, memoranda, notes or summaries, legal research or legal theories are sought in discovery, the client's reliance on advice of counsel does not waive attorney work product protection. **Carlino East Brandywine, L.P.**, 260 A.3d at 207. This Court further concluded in that opinion that "the inquiry as to whether work product protection has been waived must look to counsel's actions and the manner in which counsel shared his work product." **Id.**

Eleven of the documents as to which Appellants' claimed work product protection that the trial court ordered produced, Privilege Log Documents 54, 57, 63-66, 70, 74, and 79-80, were authored by attorneys other than Attorney Prince and his law firm. It appears that, under this Court's decision in the prior appeal in this case, Attorney Prince's defenses in this action cannot waive the work product privilege as to these documents because they are not his work product. **Carlino East Brandywine, L.P.**, 260 A.3d at 207. The trial court did not find that the attorneys who authored Privilege Log Documents 54, 57, 63-66, 70, 74, and 79-80 have asserted a defense that waived their work product protection or shared the documents in a way that waived the protection.

The only other documents as to which attorney-client privilege was waived that Appellants assert are outside the scope of Attorney Prince's work product waiver are Privilege Log Documents 13, 18, 20, 59, and 60. While

these documents were authored by attorneys other than Attorney Prince and his firm, Appellants asserted only attorney-client privilege and did not assert attorney work product in the Privilege Log as a ground for withholding Privilege Log Documents 13, 18, 20, 59, and 60.

Accordingly, we reverse the trial court's order directing Appellants to produce privilege log documents 54, 57, 63-66, 70, 74, and 79-80 as Appellants' defenses did not waive these work product documents.

It is unnecessary to decide whether documents authored by Attorney Prince or his firm subsequent to the actions that he alleges were good faith advocacy are outside the scope of his waiver of work product protection because Appellants also withheld those documents on attorney-client privilege grounds. As discussed above, those subsequent documents are outside the scope of the waiver of attorney-client privilege and are therefore protected from discovery regardless of whether the work product protection has been waived.

For the foregoing reasons, we affirm the trial court's order in part with respect to its finding that Appellants have waived the attorney-client privilege and work product protection as a result of their defenses to Carlino's second amended complaint. However, we reverse the trial court's order in part as to documents which are outside the scope of Appellants' waiver of the attorney-client privilege and work product protection.

Order affirmed in part requiring Appellants to produce Privilege Log Documents 13-15, 18-20, 23-24, 27-29, 37-38, 55-56, and 58-62. We

reverse the trial court's order with respect to Privilege Log Documents 39-54, 57, 63-66, 70-85, 87-90, and 94.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023